UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

**DECISION AND ORDER**

1:20-cv-01360 (JJM)

        This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to Social Security Disability ("SSD") benefits or Supplemental Security Income ("SSI"). Before the court are the parties' cross-motions for judgment on the pleadings [15, 16].[2] The parties have consented to my jurisdiction [17]. Having reviewed the parties' submissions [15, 16, 18], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

        The parties' familiarity with the 1,650-page administrative record [13, 14] is presumed. In December 2017, plaintiff filed application for SSD and SSI and, in January 2018, another application for adult child benefits, both alleging disability since birth (February 25,

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

1992). Plaintiff alleged disability due to bipolar depression, severe anxiety, type 1 diabetes, and carpal tunnel syndrome in both hands. Id. at 256. After the application was denied, an administrative hearing was conducted before Administrative Law Judge ("ALJ") Paul Georger on October 29, 2019, at which plaintiff, who appeared with an attorney, and vocational expert Rachel A. Duchon testified. Id. at 40-77.

Ms. Duchon testified that an individual with plaintiff's residual functional capacity ("RFC") could perform the jobs of small product assembler, inspector and hand packager, and shipping and receiving weigher. Id. at 73-74. In addition, she testified that an employer's tolerance for off-task time is a maximum of 15% within an 8-hour day, and unscheduled absences exceeding one per month would not be tolerated. Id. at 75.

Based upon the medical evidence and testimony, ALJ Georger found that plaintiff's severe impairments were "bipolar disorder, intermittent explosive disorder, diabetes mellitus, bilateral carpal tunnel syndrome, stats post left carpal tunnel release surgery, and asthma". Id. at 18. In order to determine plaintiff's RFC, ALJ Georger considered the only two functional assessments in the record of plaintiff's physical limitations, the opinions of consultative examiner Trevor Litchmore, M.D. and state agency medical consultant B. Stouter, M.D.[3] After conducting a physical examination, Dr. Litchmore concluded:

> "[T]he claimant will have marked limitation as it relates to activities that require moderate to marked physical exertion in the context of his uncontrolled type 1 diabetes with associated frequent hypoglycemic episodes. The claimant will also have limitation as it relates to unprotected heights as well as climbing in the context of the frequent hypoglycemic[4] episodes associated with type 1

---

[3]   Dr. Stouter's first name does not appear in the record.

[4]   Dr. Litchmore's opinion refers to hypoglycemic (i.e. low blood sugar) episodes, while plaintiff's arguments refer to hyperglycemic (i.e. high blood sugar) episodes. Because plaintiff does not make any arguments based upon this discrepancy, I do not address it here. To the contrary, plaintiff argues that Dr. Litchmore's opinion is "supported and consistent with Plaintiff's diabetic evidence which clearly denoted

        diabetes. He will also have limitation in terms of operating
moving machinery parts in the context of the frequent
hypoglycemic episode associated with type 1 diabetes."

Id. at 705.

      After conducting a review of the medical evidence in the file, including the opinion of Dr. Litchmore, Dr. Stouter determined the plaintiff could occasionally lift and/or carry up to 20 pounds and frequently lift and/or carry 10 pounds. Id. at 92-93. He opined that plaintiff should avoid concentrated exposure to hazards such as machinery and heights, but assessed no other limitations. Id. at 93.

      Based upon Dr. Stouter's and Litchmore's opinions and other evidence in the file, ALJ Georger concluded that plaintiff had the RFC to perform light work, with several modifications. ALJ Georger found Dr. Stouter's opinion "persuasive because, while Dr. Stouter did not make any allowance for environmental limitations related to asthma, the remainder of the opinion is consistent with the medical record". Id. at 28. ALJ Georger found Dr. Litchmore's opinion "partially persuasive" because, although "the findings and diagnoses are consistent with the medical record", "the limitations suggested exceed those supported by the objective medical evidence". Id. ALJ Georger incorporated Dr. Stouter's and Dr. Litchmore's opined restrictions into the physical RFC:

        "[T]he claimant has the [RFC] to perform light work as defined in
20 CFR 404.1567(b) and 416.967(b) . . . The claimant can work at
unprotected heights occasionally and around moving mechanical
parts occasionally as well as operate a motor vehicle
occasionally."[5]

---

a long history of hyperglycemic episodes and struggles to maintain control of his diabetes despite use of an insulin pump, multiple daily checks and medical adjustment". Plaintiff's Memorandum of Law [15-1] at 15.

[5]    ALJ Georger assessed additional nonexertional limitations based upon plaintiff's physical and mental health conditions. However, plaintiff challenges only ALJ Georger's treatment of Dr. Litchmore's

Id. at 21.

Based upon the RFC and the vocational expert's testimony, ALJ Georger determined that plaintiff was able to perform jobs that exist in significant numbers in the national economy, and therefore was not disabled from February 24, 2010. Id. at 28. The Appeals Council found no basis to change ALJ Georger's decision. Id. at 1-4. Thereafter, this action ensued.

## DISCUSSION

**A.      Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

Plaintiff argues that ALJ Georger's assessment of Dr. Litchmore's opinion was not supported by substantial evidence. Plaintiff's Memorandum of Law [15-1] at 13. Instead, plaintiff argues that the ALJ should have found Dr. Litchmore's opinion "persuasive" because "the degree of limitations imposed by Dr. Litchmore would create greater interference on

---

opinion with respect to the RFC. Accordingly, I address here only those portions of the RFC relevant to plaintiff's arguments.

Plaintiff's ability to likely remain on task and perform the degree of light work assessed by the ALJ." Id.  Plaintiff argues the medical evidence is consistent with the "marked" level of impairment assessed by Dr. Litchmore.  Id. at 14.  For example, plaintiff's hyperglycemic episodes, "if to a 'marked' degree, as assessed by Dr. Litchmore, could very well exceed the tolerated 15% off-task time an employer allowed or if symptom or Plaintiff's efforts to 'regulate' his glucose levels led to more than one unscheduled absence a month he would be unable to maintain work".  Id. at 16.  Plaintiff concludes that, because ALJ Georger's opinion did not incorporate a "marked" degree of limitation with respect to plaintiff's diabetes-related limitations, and because no other functional opinion appears in the record, his RFC was based upon his own lay opinion of the functional ramifications of plaintiff's raw medical data and was, therefore, not supported by substantial evidence.  Id. at 19-20.

        The Commissioner responds that ALJ Georger relied upon Dr. Stouter's opinion, which provided substantial evidence for the RFC.  Commissioner's Brief [16-1] at 11-12.  In addition, the Commissioner points out that the limitations Dr. Litchmore included in his report are not more restrictive than the RFC.  Id. at 20-21. For the following reasons, I agree with the Commissioner.

**B.**       **Did ALJ Georger Improperly Formulate the RFC?**

        An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole".  Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summary Order).  Although an ALJ "may not substitute his own lay opinion for those of medical experts", he or she "is free to choose between properly submitted medical opinions".  Mowry v. Commissioner of Social Security, 2019 WL 4643595, *3 (W.D.N.Y. 2019).

The RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision". Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summary Order). *See also* Young v. Berryhill, 2018 WL 2752443, *2 (W.D.N.Y. 2018) ("[i]t is well settled that an ALJ need not adopt one or more medical opinions verbatim in order to render a sufficiently-supported RFC determination"). "The question is, instead, whether the ALJ's conclusion was 'supported by the record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (*quoting* Tricarico v. Colvin, 681 Fed. App'x 98, 101 (2d Cir. 2017) (Summary Order)). *See* Butler v. Commissioner of Social Security, 2017 WL 2834482, *8 (N.D.N.Y. 2017) ("[i]t is well-recognized that the ALJ need not adopt any opinion in its entirety, but rather is entitled to weigh all the evidence and adopt the limitations supported by the evidence"). An ALJ is entitled to rely upon the opinions of both examining and non-examining state agency medical consultants, so long as those opinions are "consistent with the rest of the evidence in the medical record". Mordean v. Commissioner, 2020 WL 6886557, *3 (W.D.N.Y. 2020).

Here, Dr. Stouter's opinion, which plaintiff does not discuss in his motion, supports ALJ Georger's finding that the plaintiff can perform light work, with additional nonexertional limitations. For example, Dr. Stouter found that plaintiff is able to "occasionally" lift or carry 20 pounds and "frequently" lift or carry 10 pounds. Administrative Record [13] at 92-93. ALJ Georger found plaintiff had the RFC to perform light work. Id. at 21. Pursuant to the regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds". 20 CFR 404.1567(b) and 416.967(b).

Despite plaintiff's argument to the contrary, this finding is not inconsistent with Dr. Litchmore's opinion. He opined that plaintiff "will have marked limitation as it relates to

activities that require moderate to marked physical exertion". Id. at 705. However, he did *not* include any limitation for activities requiring "light" physical exertion, and ALJ Georger was "entitled to rely not only on what the record says, but also on what it does not say". Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995), *citing* Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983).

    Further, ALJ Georger incorporated into the RFC Dr. Stouter's opinion that plaintiff should "[a]void concentrated exposure" to hazards such as machinery and heights by limiting plaintiff to working around these hazards only "occasionally". Id. at 21, 93. However, that limitation does not affect plaintiff's ability to perform light work. Restrictions "from being on unprotected elevations and near dangerous moving machinery . . . [do] not have a significant effect on work that exists at all exertional levels". SSR 85-15 at *8, 1985 WL 56857.

    Finally, plaintiff argues that "the degree of Plaintiff's hyperglycemic episodes and severity is not harmless and if to a 'marked' degree, as assessed by Dr. Litchmore, could very well exceed the tolerated 15% off-task time an employer allowed or if symptoms or Plaintiff's efforts to 'regulate' his glucose levels led to more than one unscheduled absence a month he would be unable to maintain work." Plaintiff's Memorandum of Law [15-1] at 16. However, both Dr. Litchmore and Dr. Stouter considered plaintiff's difficulty in controlling his blood sugar. Dr. Litchmore stated explicitly that his finding that plaintiff "will have marked limitation as it relates to activities that require moderate to marked physical exertion" was made "in the context of [plaintiff's] uncontrolled type 1 diabetes with associated frequent hypoglycemic episodes". Administrative Record [13] at 705. Dr. Stouter noted that "some hypoglycemic episodes were in setting of polysubstance abuse with overdose" resulting in two emergency

department visits in 2017.  Id. at 94.  He further noted, however, that "[i]n both cases [plaintiff] was not admitted for further treatment".  Id. He also considered Dr. Litchmore's findings.  Id.

Plaintiff, identifies no medical record to support his assertion that his hyperglycemic episodes "could" lead him to be off task greater than 15% of the time or lead to more than one unscheduled absence per month.  "Conjecture is not evidence." Pettus v. TRW Consumer Credit Service, 879 F. Supp. 695, 698 (W.D. Tex. 1994). "Ultimately it is [p]laintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ".  Beaman v. Commissioner, 2020 WL 473618, *6 (W.D.N.Y. 2020).  Plaintiff fails to articulate what, if any, additional limitations appear in Dr. Litchmore's report that the ALJ failed to include in the RFC. Nor does plaintiff identify any other evidence in the record that satisfies his burden to prove more restrictive limitations than those already included in the RFC.

Accordingly, I find that ALJ Georger's conclusions are supported by substantial evidence.

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [16] is granted, and plaintiff's motion [15] is denied.

**SO ORDERED**.

Dated: March 29, 2022

/s/   Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge